UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTOINE LAVELLE SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-3342 |
| | ) | |
| ILLINOIS TRANSFER OFFICE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated within the Arizona Department of Corrections, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was transferred to the custody of the Arizona Department of Corrections from the Illinois Department of Corrections pursuant to the Interstate Compact. Plaintiff alleges that Arizona DOC officials have failed to address conditions that place him at a risk of serious harm. Plaintiff alleges that he has sent affidavits and letters to Doug Stephens, the

Illinois DOC transfer coordinator, and Latoya Hughes, the IDOC director, describing the conditions and requesting a transfer back to Illinois or a transfer to a different state. Plaintiff alleges that Defendants Stephens and Hughes refused to transfer him to another facility.

Section 1983 does not provide a remedy against a state, its agencies, or state officials acting in their official capacities, and, therefore, Plaintiff does not state a claim against the Defendants Illinois Department of Corrections, Illinois Transfer Office, or Defendants Stephens and Hughes to the extent that he sued them in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State[,] nor its officials acting in their official capacities are "persons" under §1983.").

No plausible inference arise that Defendants Stephens and Hughes are responsible for the alleged conditions within the Arizona Department of Corrections, or that they have the legal authority to transfer Plaintiff to another facility. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. The Court ordinarily grants plaintiffs at least one opportunity to amend, but the nature of Plaintiff's claims and the law outlined above make any amendment futile.

**Plaintiff's Motion to Request Counsel (Doc. 4)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Although Plaintiff indicates that he wrote one lawyer, his unsubstantiated assertion that he did so is not sufficient to satisfy the first prong. *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's motion [4] is DENIED.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 9th day of February, 2024.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE